UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| KIMBERLY DEFRESE-REESE, ET AL. | CIVIL ACTION NO. 3:18-1134 |
|---|---|
| VERSUS | JUDGE TERRY DOUGHTY |
| HEALTHY MINDS, INC., ET AL. | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is Defendants Healthy Minds, Inc., Healthy Minds of Bastrop, LLC ("Healthy Minds, LLC"), and Angela Nichols' ("Nichols") Motion for Summary Judgment [Doc. No. 18]. Plaintiffs Kimberly Defrese-Reese, Tyanna Jones, and LeMatthew Wilson oppose the motion. [Doc. No. 20]. Defendants did not file a reply memorandum, but did file an additional affidavit. [Doc. No. 21].

For the following reasons, Defendants' motion is DENIED.

I.     **FACTS AND PROCEDURAL BACKGROUND**

Plaintiffs brought this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). They seek to have the matter certified as a collective action. They allege that Defendants failed to pay them and others overtime for hours worked in excess of forty per work week.

Defendant Healthy Minds, Inc., and Healthy Minds, LLC are Louisiana entities which provide direct care for disabled persons in their homes. Nichols allegedly controlled the day-to-day operations of these organizations.

Kimberly Defrese-Reese was employed as an "office manager," but was paid on an hourly

basis. Tyanna Jones, and LeMatthew Wilson were employed as direct care workers and also paid on an hourly basis.

## II.    LAW AND ANALYSIS

### A.    Summary Judgment[1]

Summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

### B.    Timing of the Motion for Summary Judgment

First, as Plaintiffs point out, discovery has not yet been conducted in this case. While

---

[1] As Plaintiffs point out, Defendants have styled the instant motion as one for summary judgment, but cite the standard applicable to a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Given the parties' reference to materials outside the pleadings, however, the Court has applied the standard of review for motion for summary judgment. *See* FED. R. CIV. P. 12(d).

2

there is no prohibition against Defendants' filing of a motion for summary judgment prior to the completion, or at least the substantial completion, of discovery, the Federal Rules of Civil Procedure provide some protection against premature motions for summary judgment. Plaintiffs did not specifically move for relief under or cite Rule 56(d), but cited cases which have applied the rule. Rule 56(d) provides that, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d). Rule 56(d) "is designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006)). Plaintiffs did not provide an affidavit or declaration from counsel, but their argument raises those concerns addressed by Rule 56(d), and, the Court has taken those facts into consideration while considering the parties' substantive arguments.

**C. FLSA**

In 1938, Congress passed the FLSA, 29 U.S.C. §§ 201–219, to combat "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers . . . ." 29 U.S.C. § 202.

An employer is subject to enterprise coverage under the FLSA if it (1) "has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and (2) has at least $500,000 of "annual gross volume of sales made or business done." *See* 29 U.S.C. § 203(s)(1)(A). The "handling" language of the statute was added

3

in 1974, and Congress stated that its effect would expand FLSA coverage so that every enterprise doing the requisite dollar volume of business would be covered by the FLSA. After this amendment was added, Congress stated that its effect would expand FLSA coverage so that every enterprise doing the requisite dollar volume of business would be covered by the FLSA. See *Dunlop v. Indus. Am. Corp.*, 516 F.2d 498, 502 (5th Cir. 1978) (quoting S. REPT. 93-690, 93d Cong., 2d Sess., p. 17 (1974)).

Further, the FLSA provides that an employer "includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The definition "is sufficiently broad to encompass an individual who, though lacking a possessory interest in the 'employer' corporation, effectively dominates its administration or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees." *Donovan v. Sabine Irrigation Co., Inc.*, 695 F.2d 190, 194-95 (5th Cir. 1983).[2]

---

[2]The Court notes that a sister court has explained persusively:

> The Fifth Circuit uses the "economic reality" test when determining a party's status as an employer under the FLSA. *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012). Under the economic reality test, courts must evaluate "whether the alleged employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Id. at 355 (citation and internal quotation marks omitted). Each element need not be met in every case." *Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014). "The dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies," and given the remedial purposes of the statute, the case law "define[s] employer more broadly than the term would be interpreted in traditional common law applications." Id. (citation and internal punctuation omitted).

*Wieck v. Synrg. Royce LLC*, 2018 WL 3611793, at *2 (W.D. Tex,.July 6, 2018).

"[A]ny individual employed by an employer" qualifies as an employee, 29 U.S.C. § 203(e)(1), and the term employ "includes to suffer or permit to work." 29 U.S.C. § 203(g).

If covered, the FLSA requires that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Section 16(b) provides a cause of action for employees to recover unpaid overtime compensation from their employers, plus liquidated damages, attorneys' fees and costs. 29 U.S.C. § 16(b).

Section 13(a)(1) of the FLSA exempts employees occupying "bona fide executive, administrative, or professional" positions from FLSA's overtime requirements. 29 U.S.C. § 213(a)(1). "The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's **salary** and duties meet the requirements of the regulations in this part." *Id.* (emphasis added). The Code of Federal Regulations provides a "short test" to classify employees for the executive or administrative exemptions, but under both tests, the employee must be paid on a salary basis. *See* 29 C.F.R. § 541.1(a); 29 C.F.R. § 541.2.

Defendants move the Court for summary judgment, contending that (1) Defendants were not engaged in interstate commerce and thus are not subject to the FLSA; (2) Defrese-Reese is an officer manger and thus she is exempt from the FLSA's overtime requirements; (3) the employees were employed by Healthy Minds, not Angela Nichols; (4) the employees have not produced enough evidence that they were denied overtime; and (5) Plaintiffs cannot bring this as a collective action.

After a review of the arguments and evidence presently available, the Court finds that there

5

are genuine issues of material fact for trial at this time, and the motion must be denied.

### 1. Defendants as Employers under the FLSA

As set forth above, the definition of employer under the FLSA has construed broadly, and it may also include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Fifth Circuit uses the "economic reality" test to evaluate whether there is an employer/employee relationship. *See, e.g., Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir.2010); *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir.1990). The mere fact that Nichols is an individual does not entitle her to summary judgment. Likewise, there is no dispute that the entities meet the requisite volume of business, and there is insufficient evidence before the Court at this point to determine whether they are covered employers under the enterprise and individual tests. Accordingly, to this extent, Defendants' Motion for Summary Judgment is DENIED, subject to re-urging once further discovery has been conducted.

### 2. Application of Exemption to Defrese-Reese

Defendants also move for summary judgment on the claims by Defrese-Reese, contending that she was exempt from overtime pay because she was the office manager. Defendants as the purported employers bear the burden of showing by a preponderance of the evidence that an exemption is "plainly and unmistakably" applicable to a particular employee. *Meza v. Intelligent Mexican Marketing, Inc.*, 720 F.3d 577, 581 (5th Cir.2013). These exemptions are affirmative defenses which must be raised or will be considered waived. *Corning Glass Works v. Brennan*, 417 U.S. 188, 94 S.Ct. 2223, 2229, 41 L.Ed.2d 1 (1974). ("[T]he general rule [is] that the application of an exemption under the [FLSA] is a matter of affirmative defense on which the employer has the burden of proof."). Additionally, even if properly

asserted, the statutory exemptions are construed narrowly against the employer. *Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 402 (5th Cir.2002). Job titles are not determinative, but, instead, the focus is on the employee's salary and primary duties to determine whether she is an exempt employee. 29 C.F.R. §§ 541.2, 541.700(a).

In this case, Defendants do not appear to have asserted the exemption defense. Further, even if they did, Plaintiffs have presented evidence that Defrese-Reese was paid on an hourly, not salary, basis, so the exemption would not apply. Accordingly, Defendants are not entitled to summary judgment on this basis either.

### 3. Plaintiffs' Evidence of Failure to Pay Overtime

Defendants also move for summary judgment on the basis that Plaintiffs have failed to present sufficient evidence that they were not paid properly under the FLSA. In response, Plaintiffs have produced pay stubs to support their claims. At this early stage of litigation, the Court finds Plaintiffs' allegations and this evidence together are sufficient to support their claims. Defendants are not entitled to summary judgment on this basis either.

### 4. Plaintiffs' Attempted Certification of this Case as a Collective Action

Finally, Defendants argue that Plaintiffs cannot meet their burden for certification of the case as a collective action. That issue is presently before the Magistrate Judge via Plaintiffs' Motion to Certify Collective Action [Doc. No. 16], and the Court will not consider this argument.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment [Doc. No. 18] is DENIED.

MONROE, LOUISIANA, this 19th day of November, 2018.

                                              TERRY A. DOUGHTY
                                      UNITED STATES DISTRICT JUDGE