UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **KIMBERLY DEFRESE-REESE, ET AL.** | * | **CIVIL ACTION NO. 18-1134** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **HEALTHY MINDS, INC., ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion for Conditional Certification, Approval, and Distribution of Notice and for Disclosure of Contact Information filed by Plaintiffs Kimberly Defrese-Reese, Tyanna Jones, and LeMatthew Wilson ("Plaintiffs"). [doc. # 16]. The motion is opposed. For reasons explained below, it is recommended that the motion be **GRANTED AS TO THE MOTION FOR CONDITIONAL CERTIFICATION** and **GRANTED AS AMENDED BY THE COURT AS TO THE MOTION FOR APPROVAL AND DISTRIBUTION OF NOTICE AND DISCLOSURE OF CONTACT INFORMATION**.

### Background

On August 30, 2018, Plaintiffs filed a Complaint against Defendants Healthy Minds, Inc., Healthy Minds of Bastrop, LLC, and Angela Nichols ("Defendants") under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Healthy Minds, Inc. and Healthy Minds of Bastrop, LLC are Louisiana entities which manage care provided to disabled persons. Nichols is the Chief Executive Officer of both entities. Plaintiffs are former hourly employees of

Defendants and allege that Defendants failed to pay them and others an overtime compensation rate for the hours in excess of forty per week they were required to work. [doc. # 1].

On October 31, 2018, Plaintiffs filed the instant motion to have this matter certified as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). [doc. # 16]. On November 16, 2018, Defendants filed their response.[1] [doc. # 24]. This matter is ripe.

## **Legal Standard**

The FLSA requires covered employers to pay their nonexempt employees an overtime rate for hours worked in excess of forty per week. 29 U.S.C. § 207(a)(1). Section 216(b) of the FLSA provides:

> [a]n action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

Thus, the FLSA creates a cause of action against employers who fail to pay overtime compensation and affords employees the right to sue collectively on behalf of those "similarly situated." *Id.* Prospective FLSA claimants must opt-in to be bound by the action. *Watson v. W.W.D., Inc.*, No. CIV.A. 12-2590, 2013 WL 1947365, at *1 (W.D. La. Mar. 25, 2013).

The Fifth Circuit has yet to set a legal standard for collective-action certification but has affirmed two approaches. *Portillo v. Permanent Workers, L.L.C.*, 662 F. App'x 277, 279-80 (5th Cir. 2016); *see Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 518-19 (5th Cir.

---

[1] Defendants also filed a motion for summary judgment, which the court denied, claiming that (1) Defendants are not subject to the FLSA; (2) Plaintiff Defrese-Reese is exempt from the FLSA's overtime requirements; (3) Defendant Nichols was not Plaintiffs' employer; (4) Plaintiffs have not provided sufficient evidence that they were denied overtime compensation; and (5) Plaintiffs cannot meet their burden for certification as a collective action. [docs. # 18, 25-26].

2

2010) ("We have not ruled on how district courts should determine whether plaintiffs are sufficiently 'similarly situated' to advance their claims together in a single § 216(b) action."). The first approach is akin to the standard for a Rule 23 class action: "district courts evaluate FLSA collective actions against the well-established requirements of numerosity, commonality, typicality, and adequacy." *Portillo*, 662 F. App'x at 280. The second and prevailing approach, which the court applies here, is the two-step *Lusardi* approach. *Richard v. Flower Foods, Inc.*, 222 F. Supp. 3d 516, 521 (W.D. La. 2016); *see Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).

> Under the *Lusardi* approach,
>
> [t]he first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision—usually based only on the pleading and any affidavits which have been submitted—whether notice of the action should be given to potential class members.
> . . . .
> If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives—i.e. the original plaintiffs—proceed to trial on their individual claims.

*Richard*, 222 F. Supp. 3d at 521 (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995) (*overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003))).

The instant motion addresses only the notice stage of the *Lusardi* approach. At this stage, Plaintiffs bear the "burden of making a preliminary factual showing that at least a few similarly

3

situated individuals exist." *Id.* (citations omitted). Plaintiffs may satisfy their burden by submitting "evidence in the form of pleadings, affidavits and other supporting documentation." *Id.* "Because the court has minimal evidence, [its] determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Mooney*, 54 F.3d at 1214. The lenient standard requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan . . . ." *Id.* at 1214 n.8.

## Discussion

### I. Conditional Certification

Plaintiffs request the court conditionally certify the following class: "All current and former hourly employees who were employed [by Defendants] at any time since August 30, 2015." [doc. # 16]. In support of their motion, Plaintiffs submit the declaration of Defrese-Reese, wherein she states, *inter alia*, that

- She was employed as an officer manager by Defendants between September 2015 and July 2018;
- Her duties as officer manager required her generally to work more than forty hours per week;
- She was paid an hourly rate of $16.75 for all hours worked;
- As part of her employment, she saw the time and pay records of other hourly employees, including direct care workers;
- She is aware that direct care workers work more than forty hours in most workweeks;
- She estimates that Defendants employed more than fifty hourly employees between September 2015 and July 2018;
- Defendants are aware of the overtime hours employees work because the hours are reported on employee timesheets; and
- Defendants paid all hourly employees their base hourly rate for all hours worked.

[doc. # 16-5]. Plaintiffs also submit pay stubs showing that employees received an hourly rate of pay for all hours worked, including hours in excess of forty. [doc. # 16-7].

4

Defendants respond that Plaintiffs have failed to allege sufficient facts to support certification as a collective or support their motion because the Complaint does not (1) provide the positions or job titles of the alleged collective; (2) provide the pay of the potential collective members; (3) allege a location of the work place; (4) provide the names of the individuals within the class; or (5) name an alleged policy or plan. [doc. # 24-1 at 2]. Further, Defendants claim that Plaintiffs have failed to provide sufficient evidence that employees are similarly situated even under a lenient standard. (*Id.*) Defendants note that Plaintiffs must state a factual basis for the case to proceed as a collective action, and the "mere fact that violations are alleged to have occurred cannot be enough to establish that employees are similarly situated under FLSA." (*Id.* at 3). Defendants also submit an affidavit of Nichols, wherein she states, *inter alia*, that

- After receiving Plaintiffs' Complaint, Defendants determined if any employees had not been properly paid and paid them all amounts due, including overtime;
- Plaintiffs did not request or demand payment from Defendants prior to filing their Complaint;
- She is unaware of any workers other than Plaintiffs who allege outstanding wages; and
- Plaintiffs have not provided Defendants with a statement of overtime hours they claim to have worked.

[doc. # 24-2].

Upon review of the pleadings, affidavits, and supporting documentation, the undersigned finds that Plaintiff has met its burden of proof. Defrese-Reese's declaration and the pay stubs provide substantial allegations that Defendants have a decision or policy of not compensating their employees at the overtime rate. Specifically, Defrese-Reese is aware, and the pay stubs confirm, that Defendants employed hourly employees, who regularly worked in excess of forty hours per week, and made the decision not to provide compensation at an overtime rate.

Nichols' affidavit does not suffice to thwart Plaintiffs' motion for conditional certification. Although Defendants may have retroactively paid some employees the overtime

5

due following the commencement of this action, at the notice stage, Plaintiffs have demonstrated that at least a few hourly employees may not have received all amounts due to them. Defendants' argument that Plaintiffs did not provide a statement of overtime hours worked does not alter this conclusion.

Accordingly, under the lenient standard applied at the notice stage, a conditional certification of a collective action is warranted.

## II.     Notice Procedures

Plaintiffs also seek court approval of the notice to be sent to potential class members. Specifically, Plaintiffs request the court (1) approve Plaintiffs' proposed Notice and Consent to Join forms; (2) permit Plaintiffs to provide the Notice to potential class members through U.S. Mail and text message, or alternatively U.S. Mail and email, and permit Plaintiffs to distribute follow-up text messages or email; (3) order Defendants to produce contact information of each potential class member; (4) allow a ninety-day opt-in period; and (5) order Defendants to post the Notice at their offices. [doc. # 16]. Defendants have not objected to any of Plaintiffs' requests.

"The FLSA grants courts 'the requisite procedural authority' to facilitate the opt-in of potential plaintiffs into a collective action." *Reyna v. Int'l Bank of Commerce*, 839 F.3d 373, 374 n.1 (5th Cir. 2016) (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)). This involves managing "the process of joining multiple parties in a manner that is orderly, sensible, and . . . . assure[s] that the task is accomplished in an efficient and proper way." *Hoffmann-La Roche Inc.*, 493 U.S. at 170-71.

(1) Notice and Consent to Join

6

Plaintiffs attach a proposed Notice and two Consent to Join forms to their motion. [docs. # 16-1, 16-2, 16-4].

The notice provided to potential class members "should describe the action and the plaintiffs' rights in it." *Dean v. Akal Sec., Inc.*, No. 1:17-CV-00543, 2018 WL 814627, at *2 (W.D. La. Feb. 9, 2018) (citations omitted). The undersigned has reviewed the Notice and finds it sufficiently describes the action and explains the effects to potential class members if they do or do not opt-in. However, the Consent to Join form marked as doc. # 16-2 contains an error and should read "I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court."

Courts often order the parties to meet and confer regarding the content of the notice. *Venable v. Schlumberger Ltd. (Schlumberger N.V.)*, No. 6:16-CV-00241, 2017 WL 2870400, at *6 (W.D. La. June 5, 2017). However, it is not necessary to do so when Defendants offer no challenges to the proposed notice and consent forms. *See Richard*, 222 F. Supp. at 527-28. Accordingly, the Notice and Consent to Join forms submitted by Plaintiffs should be approved with the correction noted above.

(2) <u>Method of Communication</u>

Plaintiffs request permission to provide potential class members with the Notice and Consent to Join via text message and to send notice via U.S. Mail to those who do not respond to the text message within thirty days. [doc. # 16-9 at 10]. In the alternative, Plaintiffs request the court permit notice by email and U.S. Mail. (*Id.* at 14-15). Potential class members who receive Notice via text message or email will be able to consent electronically or by mail. (*Id.* at 13-14). In support. Plaintiffs submit a declaration of their attorney, Josh Sanford, wherein he states, *inter alia*, that

7

- He has litigated more than two hundred collection actions under the FLSA;
- In his experience, there are pervasive problems with mail delivery;
- There are numerous examples of Notices being lost in the mail or being returned as undeliverable; and
- In his experience, email and text message are much more effective and timely methods to communicate with parties.

[doc. # 16-6]. Plaintiffs also submit the proposed text to be included in the text message and Notice email. [docs. # 16-3, 16-9 at 13-14]. Finally, in her declaration, Defrese-Reese stated that she did not know of any direct care worker without a smartphone. [doc. # 16-5 ¶ 14].

Courts in the Fifth Circuit have approved the use of text message to facilitate notice to potential class members. *See Mahrous v. LKM Enterprises, LLC*, No. CV 16-10141, 2017 WL 2730886, at *4 (E.D. La. June 26, 2017) (collecting cases); *Butler v. TFS Oilfield Servs.*, LLC, No. SA-16-CV-1150-FB, 2017 WL 7052879, at *7 (W.D. Tex. Sept. 26, 2017) (noting that "some courts have found text messaging to be an appropriate means of notice"). The undersigned finds that text messages are a reasonable and effective means of providing notice and should be approved with Plaintiff's proposed text and procedure. The court need not decide whether to approve the text of Plaintiff's proposed Notice email. [*see* doc. # 16-3].

Further, Plaintiffs should be permitted to send notice via U.S. Mail as well. However, a reminder is not necessary to effectuate notice. *See Venable*, 2017 WL 2870400, at *6 (concluding that multiples forms of Notice are appropriate, but "a reminder notice is neither necessary nor appropriate").

Plaintiffs also request permission to include a copy of the Complaint and Answer with the mailing of the Notice. [doc. # 16-9 at 16]. The undersigned finds that there is no need to provide these documents. Should potential class members seek more information about this lawsuit, they can contact Plaintiffs' counsel or look up the public record.

(3) Contact Information

8

Plaintiffs request that the court order Defendants to produce the following in electronic format within seven days of its Order: (1) the names and any known aliases of each potential class member employed by Defendants since August 30, 2015; (2) the potential class members' last known home and work addresses; (3) the potential class members' cell phone numbers and (4) the dates of birth and partial social security numbers for any potential class member whose mailed Notice is returned as undeliverable. [doc. # 16-9 at 16-17].

The undersigned finds that this request is reasonable, and Defendants should produce the information requested by Plaintiffs to effect notice.

(4) Opt-In Period

Plaintiffs request an opt-in period of ninety days, to begin on the day Defendants produce the potential class members' contact information. [doc. # 16-9 at 17-18]. A ninety-day period is an appropriate amount of time as it "sufficiently affords the Plaintiffs the time needed to locate potential opt-in plaintiffs, but is not so unreasonable as to be overly burdensome or excessive for the Defendant." *Busby v. Dauterive Contractors, Inc.*, No. 6:14-CV-03366, 2016 WL 430608, at *7 (W.D. La. Feb. 3, 2016).

(5) Posting Notice

Plaintiffs request the court order Defendants to post the Notice at their facilities in the same areas that they post government-required notices to ensure current employees receive notice. [doc. # 16-9 at 10]. Posting Notices "is an efficient, cost effective method to notify potential opt-in [plaintiffs] of this [collective] action and would not be burdensome on Defendants." *Richard*, 222 F. Supp. 3d at 527. Therefore, Defendants should be ordered to post the Notice provided to potential class members at all of Defendants' facilities in the same areas they are required to post FLSA notices.

9

### III. Attorney's Fees and Costs

Plaintiffs request the court award reasonable costs and attorney's fees. [doc. # 16]. Under the FLSA, courts may award attorney's fees to the prevailing party. *Saizan v. Delta Concrete Prod. Co. Inc.*, 448 F.3d 795, 799 (5th Cir. 2006); *see* 29 U.S.C. § 216(b). At the conditional certification stage, there is yet to be a prevailing party. Thus, at this time, an award of attorney's fees and costs would be premature, and Plaintiff's request should be denied.

### Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiffs' Motion for Conditional Certification, Approval, and Distribution of Notice and for Disclosure of Contact Information, [doc. # 16], be **GRANTED AS TO THE MOTION FOR CONDITIONAL CERTIFICATION and GRANTED AS AMENDED BY THE COURT AS TO THE MOTION FOR APPROVAL AND DISTRIBUTION OF NOTICE AND DISCLOSURE OF CONTACT INFORMATION**.

**IT IS FURTHER RECOMMENDED** that the above-captioned matter be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all current and former hourly employees who were employed by Defendants at any time since August 30, 2015.

**IT IS FURTHER RECOMMENDED** that the parties adhere to the notice procedures as detailed in the body of this Report and Recommendation.

**FINALLY**, **IT IS RECOMMENDED** that Plaintiffs' motion for attorney fees be **DENIED as premature**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Report and Recommendation have **fourteen (14) days** from service of this Report and

Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, this 19th day of December 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE