UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **KIMBERLY DEFRESE-REESE, ET AL.** | **CIVIL ACTION NO. 3:18-1134** |
| **VERSUS** | **JUDGE TERRY DOUGHTY** |
| **HEALTHY MINDS, INC., ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**RULING**

On August 3, 2020, this Court entered judgment in favor of Plaintiffs Kimberly Defrese-Reese, Tyanna Jones, and LeMatthew Wilson and against Defendants Healthy Minds, Inc., Healthy Minds of Bastrop, LLC ("Healthy Minds, LLC"), and Angela Nichols ("Nichols"), jointly and severally, in the total amount of $7,841.88 under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). [Doc. No. 72].

Pending before the Court is Motion for Award of Attorneys' Fees and Costs [Doc. No. 73] filed by these Plaintiffs. They contend that they are entitled to reasonable attorneys' fees and costs under the FLSA. They seek an award of $21,899.25 in attorneys' fees and $1,233.33 in costs. No opposition memorandum was filed.

For the following the reasons, the motion is **GRANTED IN PART AND DENIED IN PART**.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs brought this collective action lawsuit on behalf of hourly employees of Defendants Healthy Minds, Inc. and Healthy Minds, LLC. Plaintiffs sought to recover overtime wages and other damages pursuant to the FLSA from these Defendants, as well as Nichols.

Defendants Healthy Minds, Inc., and Healthy Minds, LLC, are Louisiana entities which provide (or formerly provided) direct care for disabled persons in their homes. Nichols was the Program Director/Owner of the entities. [Doc. Nos. 50-1 & 50-2, Answers to Interrogatory No. 2; Doc. No. 50-3, Answer to Interrogatory No. 1].

Defrese-Reese was employed as an "office manager," but was paid on an hourly basis. Jones and Wilson were employed as direct care workers and also paid on an hourly basis. Employees were paid on the 5th and the 20th of each month. [Doc. Nos. 50-1 & 50-2, Answers to Interrogatory No. 5]. Opt-in Plaintiff, James Boykins ("Boykins") was employed as a "case worker," and he is listed on an employee roster provided by Defendants. [Doc. No. 50-7]; [Doc. No. 50-11].

On January 3, 2019, this Court conditionally certified a collective of "hourly employees who were employed by Defendants at any time since August 30, 2015." [Doc. No. 28]. Twelve collective members filed timely consents to join as opt-in plaintiffs, but eleven later withdrew. There are (as of the date the Motion for Summary Judgment was filed) the three named Plaintiffs and one remaining opt-in, Boykins.

On February 6, 2020, Plaintiffs filed a Motion for Summary Judgment [Doc. No. 50]. Based on the undisputed facts in the record, Plaintiffs sought summary judgment regarding the following issues:

(1) Defendants are a covered enterprise under the FLSA;

(2) Defendants are jointly and severally liable for Plaintiffs' damages;

(3) The applicable statute of limitations is 3 years;

(4) Plaintiffs are owed a total of $4,895.81 in unpaid wages; and

(5) Plaintiffs are owed an equal amount as liquidated damages.

The Clerk of Court issued a Notice of Motion Setting which set a deadline of February 27, 2020, for all Defendants to file an opposition memorandum. [Doc. No. 53]. No opposition memorandum was filed by that date.

However, the Court was aware that Defendants' counsel, Louis Scott, had recently had some health issues. Therefore, on March 11, 2020, the Court issued a minute entry [Doc. No. 54]. Because Mr. Scott's health issues had required his hospitalization and he remained unable to work at that time, the Court stated that it would "defer ruling on the Motion for Summary Judgment for a period of time to allow Mr. Scott to recover and/or to obtain assistance in his representation of Defendants." *Id.*

A Court staff member then attempted to reach George Britton, the attorney with whom Mr. Scott shares office space, on two occasions, in order to determine if it was Mr. Scott's intent to return to work or to turn the case over to new counsel. On both occasions messages were left with an assistant who agreed to relay them to Mr. Britton, but Mr. Britton did not return the calls. On April 7, 2020, the Court sent certified letters to the Defendants. They were instructed that, no later than May 7, 2020, they had to notify the Court whether (1) Mr. Scott was going to continue his representation and would be filing an opposition memorandum, or (2) new counsel would be enrolling. See [Doc. Nos. 55, 59, 64]. Nichols was given a third option of representing herself, pro se. The Court explained that entities must be represented by counsel. Defendants were further informed that, if no notification was received, the Court would proceed with ruling on the pending Motion for Summary Judgment without opposition.

On May 13, 2020, the Court received a letter [Doc. No. 63] from Nichols who stated that she had spoken with Mr. Britton and that Mr. Scott "does plan on returning to work." She stated

3

further that there was no time line for his return. In response, the Court issued another minute entry, stating as follows:

> While the Court is gratified to hear that Mr. Scott is recovering and intends to return to work, the Motion for Summary Judgment has now been pending for almost four months, and Mr. Scott himself has not filed anything with the Court, nor has another attorney filed on his behalf. Therefore, Defendants must file an opposition, either through Mr. Scott or other counsel of their choosing, . . . to the Motion for Summary Judgment no later than June 15, 2020, or the Court will proceed with ruling.
>
> The Clerk of Court is directed to mail a copy of this minute entry to all Defendants at their last known addresses.

[Doc. No. 65]. The Court also reminded Nichols that she had "the option of proceeding pro se and filing her own opposition," but noted that she had "not indicated that she wishes to do so as of this time." *Id.* at n.1.

On June 9, 2020, Nichols filed a memorandum in opposition to the Motion for Summary Judgment [Doc. No. 66]. She argued that the "fifteen opt in plaintiffs" have failed to prove they were employed by any of the Defendants. *Id.* She also contended that Plaintiffs have failed to produce evidence that they are due payments for overtime. She further asserted that Healthy Minds, Inc., was dissolved in 2020 and should not be a defendant. Finally, she asked the Court to consider the special circumstances brought about by the COVID 19 pandemic and Mr. Scott's illness.

In response, Plaintiffs filed the Motion to Strike [Doc. No. 67]. No party filed an opposition to the Motion to Strike.

On August 3, 2020, the Court issued a Ruling [Doc. No. 71] and Judgment [Doc. No. 72], granting the Motion to Strike Nichols' opposition to the extent that she purported to offer arguments and evidence on behalf of the two Healthy Minds entities. The Court then granted in

4

part and denied in part Plaintiffs' Motion for Summary Judgment. The motion was granted to the extent that Plaintiffs sought a determination that Healthy Minds, Inc., and Healthy Minds, LLC, are covered enterprises under the FLSA and that Healthy Minds, Inc., Healthy Minds, LLC, and Nichols are jointly and severally liable for damages under the FLSA. The motion was denied to the extent that Plaintiffs moved the Court to apply a three-year statute of limitations and award damages over that period.

The motion was also granted in part and denied in part as to unpaid wages and liquidated damages requested by Plaintiffs. Opt-in Plaintiff Boykins failed to prove that he was entitled to an award of unpaid wages during the relevant period. The motion was granted as to the remaining Plaintiffs to the extent that they sought unpaid wages and liquidated damages, but their recovery was limited to the two-year period prior to commencement of this lawsuit.

Judgment was rendered in favor of Plaintiffs Defrese-Reese, Jones, and Wilson and against Defendants Healthy Minds, Inc., Healthy Minds, LLC, and Nichols, jointly and severally, in the following amounts:

1. Defrese-Reese was awarded $2,144.03 in unpaid wages plus an equal amount of liquidated damages for a total award of $4,288.06;

2. Jones was awarded $694.20 in unpaid wages plus an equal amount in liquidated damages for a total award of $1,388.40;

3. Wilson was awarded $1,082.71 in unpaid wages plus an equal amount in liquidated damages for a total award of $2165.42.

[Doc. No. 72].

On August 17, 2020, the prevailing Plaintiffs filed the instant motion, which is unopposed. The Court is now prepared to rule.

## II. LAW AND ANALYSIS

### A. Consideration of Attorneys' Fees under the FLSA

In an action under the FLSA, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). An award of attorney's fees under the FLSA "must reflect the obvious congressional intent that the policies enunciated in [29 U.S.C. § 202] be vindicated, at least in part, through private lawsuits." *United Slate, Local 307 v. G & M Roofing & Sheet Metal Co.,* 732 F.2d 495, 502 (6th Cir. 1984). "A court has no discretion to determine whether to award fees and costs," but rather "[d]iscretion applies only to the amount and the reasonableness of the fee." *Singer v. City of Waco,* No. Civ.A.W-99-CA-296. 2001 U.S. Dist. LEXIS 27106, *5 (W.D. Tex. Nov. 13, 2001) (citations omitted).

### B. Lodestar Analysis

Having determined that attorneys' fees and costs should be awarded, the Court now turns to the determination of a reasonable fee. The Court begins with a lodestar analysis. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010); *see also Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (applying the lodestar method to calculation of attorneys' fees in FLSA case). The lodestar amount is an objective determined by multiplying the reasonable number of hours expended by counsel on the case by a reasonable hourly rate based on the prevailing market rates in the relevant community. *See Thompson v. Connick*, 553 F.3d 836, 867 (5th Cir. 2008); *Perdue*, 559 U.S. at 551.

The "lodestar method yields a fee that is presumptively sufficient," 559 U.S. at 552, but the fee may be enhanced "where the method used in determining the hourly rate . . . does not adequately measure the attorney's true market value"; where "the attorney's performance

includes an extraordinary outlay of expenses and the litigation is exceptionally protracted"; where there are "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees"; or in the "rare and exceptional" cases where "superior attorney performance is not adequately taken into account," and "the lodestar fee would not have been adequate to attract competent counsel." *Id.* at 554-56 (citations and internal quotation marks omitted).

An attorney's requested hourly rate is *prima facie* reasonable when he requests that the lodestar be computed at his customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995). "Hourly rates are to be computed according to the prevailing market rates in the relevant legal market." *Hopwood v. Texas*, 236 F.3d 256, 279 (5th Cir. 2000); *McClain v. Lufkin Indus., Inc.,* 649 F.3d 374, 381 (5th Cir. 2011). The relevant legal market is where the district court sits generally. *See e.g., Calix v. Ashton Marine LLC,* No. CV 14-2430, 2016 WL 4194119, at *3 (E.D. La. July 14, 2016).

However, in a specialized area of the law, such as the FLSA, the Court may consider evidence outside the relevant legal market if there are not a sufficient number of practitioners in that area.

In this case, Plaintiffs seek recovery for attorneys' fees for four attorneys, a law clerk, and staff member. They rely on a declaration from their attorney Josh Sanford ("Sanford"). While generally the evidence of an appropriate rate should be provided through an affidavit or declaration from a disinterested attorney, Sanford provides great detail on his personal experience, how he determined each of the requested rates, and the experience of the firm and its attorneys and staff. Notably, Sanford has "prosecuted over 200 wage lawsuits in Texas in the

last five years and over 500 wage lawsuits in Arkansas in the last ten years." [Doc. No. 73-3]. He further recounts that, "[c]ollectively, cases filed by the Sanford Law Firm since 2009 have resulted in more than $13,000,000.00 in settlement and judgment money for wage and hour violations for more than three thousand clients across the nation." *Id.* He declares that "[c]ourts in other districts have awarded the same or similar rates for Sanford Law Firm attorneys for similar work[,]" and "[t]he rates charged by Sanford Law Firm's attorneys are reasonable." *Id.* Likewise, he declares that "[t]he staff time and hourly rate for the Sanford Law Firm below are . . . reasonable and comparable." *Id.* He backs up his claims with specific information as to the experience of each attorney and staff member for whom fees are requested.

Having reviewed the detailed declaration, the Court finds that the requested hourly rates of $325 for Sanford, $225 for Steve Rauls, $175 for Tess Bradford, $175 for Sean Short, $75 for a law clerk, and $60 for a staff member are reasonable under the circumstances.

The Court now turns to a review of the hourly time records. The lodestar formula's second component is designed to unveil the number of hours the fee-seeking party reasonably expended on the litigation. The party seeking attorneys' fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended. The fee-seeking party must also show it exercised "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented. *Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir. 1990). If the party fails to exercise billing judgment, the court may conduct a line-by-line analysis of the time records. *See Green v. Admin. of the Tulane Educ. Fund*, 284 F.3d 642 (5th Cir. 2002). In the alternative, the Court "may make across-the-board cuts, so long as it sets forth a concise reason for its cuts." *Maxwell v. Angel-Etts*

*of California, Inc.*, 53 F. App'x 561, 568 (Fed. Cir. 2002), opinion amended on reh'g (Jan. 2, 2003) (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1399-1400 (9th Cir.1992)).

In this case, Plaintiffs have provided detailed billing records, including separate records organized by category. Sanford declares that counsel "exercised billing judgment in calculating the lodestar, reviewing records of hours worked and writing off entries for time spent on tasks that could reasonably be viewed as unproductive, excessive, or redundant, or that Plaintiffs' counsel otherwise found it appropriate to write off for purposes of making the current Motion." [Doc. No. 74 (citing Doc. No. 72-2, Sandford Decl., ¶ 31]. Additionally, counsel voluntarily reduced the billed hours. As to hours attributable to "case management" and "intra-office communications," counsel reduced their billed hours by 50%. (This would include communications with local counsel, reviewing the Court's rules, processing scheduling orders, etc.). As to hours attributable to the collective action, counsel reduced their billed hours by 75%, particularly since no favorable judgment was obtained for an opt-in plaintiff.

Under the circumstances and after a thorough review of the supporting documentation, the Court finds that the prevailing Plaintiffs have established that the fees sought were reasonably expended on this litigation. In this case, the lodestar provides a reasonable fee without further adjustment. Accordingly, the Court will award the attorneys' fees requested.

### C. Costs

Section 216(b) of the FLSA also provides for an award of costs to a prevailing plaintiff. 29 U.S.C. § 216(b); s*ee also* Fed. R. Civ. P. 54(d) (allowing an award of costs to a prevailing party). However, the Court's discretion to award costs is not unlimited: the costs must be allowable under 28 U.S.C. § 1920; the costs must be supported by proper documentation; and the costs must be reasonable. Pursuant to § 1920, the Court may tax the following as costs:

9

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Fifth Circuit has held that there is no statutory authority in the FLSA to award costs not enumerated in 28 U.S.C. § 1920. *Tyler v. Union Oil Co. of Calif.*, 304 F.3d 379, 404-05 (5th Cir. 2002); *see also Gagnon v. United Technisource, Inc*., 607 F.3d 1036, 1045 (5th Cir. 2010) (stating that "the Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary.").

In this case, Plaintiffs seek to recover $ 1,233.33 in costs for the filing fee, service fee, postage, and copies for notice mailing. [Doc. Nos. 73-3 & 73-4]. The Court finds all costs except postage are recoverable under § 1920, properly supported by documentation, and are reasonable. The Court has reduced the requested amount of costs by $228.73, the amount designated as postage costs. Accordingly, the Court award costs in the total amount of $1,004.60.

### III. CONCLUSION

For the foregoing reasons, the Motion for Award of Attorneys' Fees and Costs [Doc. No. 73] filed is GRANTED IN PART AND DENIED IN PART. To the extent that the prevailing

Plaintiffs move for an award of attorneys' fees and costs and as to the specific amount of attorneys' fees requested, the motion is GRANTED. As to the specific amount of costs requested, the motion is DENIED. The Court has reduced the amount of recoverable costs pursuant to 28 U.S.C. § 1920. The Court awards the prevailing Plaintiffs' attorneys' fees in the amount of $21,899.25 and costs in the amount of $1,004.60. Judgment will be entered against Defendants Healthy Minds, Inc., Healthy Minds, LLC, and Nichols for these amounts.

MONROE, LOUISIANA, this 10th day of September, 2020.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE